| | |
|---|---|
| SUSIE GARRIT, as administrator of the estate of DARIUS COLE-GARRIT, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, an Illinois Municipal Corporation, *et al.*<br><br>Defendants. | Case No.: 16-cv-7319 |

## MOTION TO APPROVE FEES AND COSTS

NOW COME the Plaintiffs, by and through undersigned Counsel, and respectfully request an Order of Court approving Plaintiffs' attorney's fees and costs:

## INTRODUCTION

Darius Cole-Garrit ("Cole-Garrit") was fatally shot by Chicago Police Officers Matthew O'Brien ("O'Brien") and James Bansley ("Bansley") (collectively, "Defendants") on August 19, 2014. Susie Garrit, Cole-Garrit's mother and administrator of his estate, along with Cole-Garrit's three minor children, filed this action against Defendants pursuant to 42 U.S.C. § 1983. The parties have reached a settlement which is awaiting approval from City Council.

## TIMELINE

1) Counsel has represented the Plaintiff for nearly 8 years now.

2) Counsel for Plaintiffs began investigating this matter just weeks after Mr. Cole-Garrit was fatally shot in 2015.

1

3) In 2015, Counsel began making FOIA requests. Many of the requests were improperly denied and required continuous follow up and appeals.

4) No later than March 2016, Counsel was in contact with the City's Corporate Counsel attempting to resolve the matter pre-suit. That ultimately failed which lead to the filing of the instant action on July 18, 2016.

5) Over the course of discovery, four Plaintiff's and four Defendants were served discovery requests. Several meet and confers took place regarding a variety of responses and records, including but limited to: employment records, GPS records, IPRA records, CR Complaints…etc. The parties were able to amicably resolve all issues without court intervention.

6) Seventeen depositions (17) were taken. All of the depositions took place prior to the pandemic and were conducted in-person. One of the depositions took place in the Iowa Department of Corrections.

7) Both parties retained a police procedures expert. Plaintiff filed an extensive *Daubtert* motion, which was ultimately granted in part. (Dkt. 212).

8) There was extensive and substantive motion practice in this matter including but limited to the following pleadings:

    a. Motion to Quash Subpoena (Dkt. 59)

    b. Motion for Rule to Show Cause (Dkt. 66)

    c. Motion for Spoliation Instruction (Dkt. 74)

    d. Objection to Report and Recommendation (Dkt. 81)

    e. Amended Complaint (Dkt. 151)

    f. Motion for Partial Summary Judgment (Dkt. 157)

    g.  Motion to Exclude Expert (Dkt. 212)

    h.  Motion to Reconsider (Dkt. 229)

    i.  Motion to Reconsider (Dkt. 237)

9) Prior to the COVID-19 Pandemic, the parties were to submit a pretrial order on April 24, 2020 (Dkt. 184). Plaintiff began preparing for trial in March 2020, prior to the court closures and trial date being stricken. Due to the pandemic, the Court extended the deadline for the pretrial order until May 20, 2022. (Dkt. 234).

10) Plaintiff prepared for trial several times over the court of the next two years. This included but is not limited to: several meetings with witnesses, preparing witness list, preparing exhibit list, preparing jury instructions, preparing motions in limine, preparing demonstrative aids, preparing opening statement…

11) The pretrial order's submission was subsequently pushed back several times (Dkt. 240, 243, 249, 252).

12) On November 22, 2022, the parties notified the court that a settlement in principle has been reached. (Dkt. 253).

13) This matter is pending in Probate Court Cook County under case number: 2015P2982 and the estate is represented by William Hardesty.

14) When retained the Plaintiffs agreed to a 40% attorneys fee.

15) The costs incurred in this matter are $25,234.66 (see attached invoice).

16) Settlement funds are to be deposited into a qualified settlement fund.

    WHEREFORE, Plaintiffs respectfully request that this Honorable Court approve the settlement amount, the amount of attorney's fees, and costs. Specifically, Plaintiffs request that

the Court approve counsel fees in the amount of $800,000.00 (40% of settlement amount - $2,000,000) and costs in the amount of $25,234.66.

Respectfully Submitted:

*/s Matthew Amarin*
Matthew Amarin
LAW OFFICES OF HAYTHAM FARAJ
1935 W. Belmont Ave.
Chicago, IL 60657
312-635-0800
Matthew@farajlaw.com